PEOPLE ex rel. WARD v. ROOSEVELT et al.

(Supreme Court, Appellate Division, Second Department. October 30, 1896.)

ELECTIONS—CERTIFICATE OF NOMINATION.

The officer to whom nominations are certified by the secretary of state is controlled by such certificates, where there is no appearance of invalidity on their face.

Appeal from special term.

Application by William L. Ward for a writ of mandamus to Theodore Roosevelt and others. The application was granted, and defendants appeal. Reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Francis M. Scott (Roger M. Sherman, of counsel), for appellants.

H. C. Henderson, for respondent.

PER CURIAM. We think the order directing the issue of a writ of mandamus was erroneous. The secretary of state certified to the county clerk of Westchester county and the police commissioners of New York City the nomination of Ben L. Fairchild as a candidate for representative in congress, under the name designated by the secretary of state of "National Republican Party," and the emblem of a triangular flag, with the word "Protection" printed on it. In Re Madden, 148 N. Y. 136, 42 N. E. 536, it was held the duty of the county clerks of the respective counties to provide the tickets in accordance with the certificates from the secretary of state. It was there said:

"He [the county clerk] can only know officially, from the certificates sent to him by the secretary of state or those deposited with him, who have been duly nominated, and by what party or parties nominations have been made. I find in the act of 1895 no authority conferred on the county clerk to insert any names in the printed list of candidates of any party except those whose nominations have been duly certified in accordance with the act."

It is provided by section 56 of the election law that:

"If there be a division within a party, and two or more factions claim the same, or substantially the same, device or name, the officer aforesaid shall decide between such conflicting claims, giving preference of device and name to the convention or primary, or committee thereof, recognized by the regularly constituted party authorities; and if the other faction or factions shall present no other device or party name, the said officer shall select a different device and party name for each such faction, which shall be used upon the ballots to distinguish its ticket. If two or more conventions are called by different authorities, each claiming to represent the same party for that purpose, the said officer shall select a suitable device and party name to distinguish the candidates of one faction from those of the other, and the ballots shall be printed accordingly." Laws 1895, c. 810.

It is conceded by the learned counsel for the relator that where rival conventions, each claiming to represent the regular organization of the party, make different nominations, it may in certain cases be the duty of the secretary of state to place the nominees of both conventions upon the official ballot, placing one in the regular party column, and the other under a separate name and device. Therefore the form of tickets certified by the secretary of state shows on its face no appearance of invalidity; and it is the duty of the officers to whom the nominations are certified to comply with such certificates. The case of People v. Rice, 129 N. Y. 449, 29 N. E. 355, is not in point. The decision of Judge Edwards did not exclude Fairchild from the ballot, but directed that the relator be placed thereon as the regular Republican nominee.

The order appealed from should be reversed, and motion denied, without costs.

BROWN, P. J., and WILLARD BARTLETT, J., dissent, on the ground that to render a decision reversing the order appealed from at this late day would be likely to imperil the election, on account of the difficulty of changing the official ballot in season.